FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 28, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRE J.,[1] | No.    4:24-cv-5140-EFS |
| Plaintiff, | |
| v. | **ORDER RULING ON CROSS MOTIONS FOR REMAND AND REMANDING FOR CALCULATION OF BENEFITS** |
| FRANK BISIGNANO, Commissioner of Social Security,[2] | |
| Defendant. | |

Plaintiff Tre J. appeals the denial of benefits by the Administrative Law Judge (ALJ). The parties agree the ALJ erred in

---

[1] To address privacy concerns, the Court refers to Plaintiff by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

[2] Frank Bisignano was confirmed as the Commissioner of Social Security on May 6, 2025. Pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g), he is hereby substituted as the Defendant.

his five-step evaluation, but the parties disagree about the appropriate remedy. After reviewing the record and relevant authority, the Court remands the case for calculation of benefits.

## I.    Background

Plaintiff alleges that he suffered a closed period of disability due to a seizure disorder; a right knee meniscal tear, status-post surgery; depression; anxiety; attention-deficit disorder (ADD); and impulse control disorder. Due to his physical and mental impairments, Plaintiff protectively filed for supplemental security income benefits on September 3, 2018,[3] alleging an onset date of April 23, 2015.[4] Plaintiff's claims were denied at the initial  and reconsideration levels, and Plaintiff requested an ALJ hearing.[5] On July 27, 202, Plaintiff

---

[3] AR 167-182.

[4] Plaintiff's claim was later amended to one for a closed period of disability from his application date of September 3, 2018, through April 3, 2021. AR 885.

[5] AR 104, 111, 115.

appeared with his attorney for a hearing before ALJ Stewart Stallings.[6] At the hearing, Plaintiff amended his alleged onset date to coincide with the application date of September 3, 2018.[7] On October 13, 2020, the ALJ issued an unfavorable decision, denying Plaintiff's claim.[8] Plaintiff requested review, and the Appeals Council denied review.[9] Plaintiff filed suit in this Court and, thereafter, this Court entered an order remanding the case to the Commissioner for further proceedings.[10]

In 2024, Plaintiff appeared by telephone with his attorney for a second hearing before ALJ Stallings.[11] On August 30, 2024, ALJ

---

[6] AR 36-70.

[7] AR 40-41.

[8] AR 12-31.

[9] AR 1-6.

[10] AR 939-971, 972.

[11] AR 881-912661-718.

Stallings issued a second unfavorable decision denying Plaintiff's claim.[12] ALJ Stallings found:

- Step one: Plaintiff had engaged in substantial gainful activity during the period of April 2021 to current, however, there has been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity.

- Step two: Plaintiff had the following medically determinable severe impairments: seizure disorder; right knee meniscal tear, status-post surgery; right shoulder instability, status-post surgery; depressive disorder; anxiety disorder; ADD; and impulse control disorder.

- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Specifically, the ALJ noted that he considered Listings 1.18, 12.04, 12.06, 12.08, and 12.11.

---

[12] AR 858-880.

- RFC: Plaintiff had the RFC to perform light work except

  that:

    [Plaintiff] can lift and carry up to twenty pounds
    occasionally and ten pounds frequently. [Plaintiff] can
    stand, walk, and sit for six hours out of an eight-hour
    workday. [Plaintiff] cannot climb ladders, ropes, or
    scaffolds, can occasionally climb ramps and stairs,
    stoop, crouch, kneel, and crawl. He should avoid
    exposure to moving, dangerous machinery and
    unprotected heights. [Plaintiff] is limited to simple,
    routine, repetitive tasks (reasoning level 1 and 2) with
    no production, conveyor-belt, or non-workercontrolled
    pace. [Plaintiff] needs a predictable work environment
    with occasional, simple workplace changes; occasional
    brief interaction with the public and co-workers; and
    occasional interaction with supervisors.

- Step four: Plaintiff has no past relevant work.

- Step five: considering Plaintiff's RFC, age, education, and

  work history, Plaintiff could perform work that existed in

  significant numbers in the national economy, such as a

  hand packager (DOT No. 559.687-074); a marker (DOT No.

  209.587-034); and a cafeteria attendant (DOT 311.677-

  010).[13]

---

[13] AR 864-874.

1

2

ALJ Stallings also considered the medical opinion evidence and articulated the following as to his findings:

- The opinions of non-examining state agency consultants Norman Staley, MD; Howard Platter, MD; and Christmas Covell, PhD, were generally persuasive.

- The opinions of non-examining state agency consultant Kent Reade, PhD, were generally persuasive but his opinion regarding understanding, remembering, and carrying out instructions is less persuasive.

- The opinions of Phillip Bernard, PhD, to be not persuasive.

- The opinions of Brian VanFossen, PhD, to be more persuasive.

- The opinions of Doyle Miller, MD, and Thomas Westhusing, DO, to be partially persuasive.

- The opinions of medical expert James Haynes, MD, were consistent with neurology notes.[14]

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

---

[14] AR 870-873.

Plaintiff now appeals ALJ Stallings' denial of disability and asks for an immediate award of benefits.[15] The Commissioner concedes the ALJ erred when evaluating the medical expert opinions, but the Commissioner asks the Court to remand the matter for further administrative proceedings because there are evidentiary conflicts that must be resolved by the ALJ.[16]

## II.    Analysis

### A.    Remand Standard

When a harmful error occurs in the administrative proceeding, remand for further administrative proceedings is the usual course absent rare circumstances.[17] Three factors must be satisfied for the court to consider remand for payment of benefits:

(1) the record has been fully developed and further administrative proceedings would serve no useful purpose;

---

[15] ECF Nos. 1, 8.

[16] ECF No. 14.

[17] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

(2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.[18]

When these factors are satisfied, the decision whether to remand for benefits or further proceedings is within the court's discretion, as it "is a fact-bound determination that arises in an infinite variety of contexts."[19]

## B.    Remand Analysis – Medical Opinion Evidence

The parties agree the second factor is satisfied: the ALJ erred in evaluating the medical opinion evidence. Specifically, the parties agree that the ALJ erred in his consideration of the opinions of Dr. Reade.

### 1.    Legal Standard

The ALJ must consider and articulate how persuasive he found each medical opinion and prior administrative medical finding, including whether the medical opinion or finding was consistent with

---

[19] *Treichler*, 775 F.3d at 1100 (quoting *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000)).

and supported by the record.[20] The factors for evaluating the

persuasiveness of medical opinions include, but are not limited to,

supportability, consistency, relationship with the claimant, and

specialization.[21] Supportability and consistency are the most important

factors.[22] When considering the ALJ's findings, the Court is

constrained to the reasons and supporting explanation offered by the

ALJ.[23]

The regulations define these two required factors as follows:

(1) Supportability. The more relevant the objective medical
evidence and supporting explanations presented by a
medical source are to support his or her medical opinion(s)
or prior administrative medical finding(s), the more
persuasive the medical opinions or prior administrative
medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or
prior administrative medical finding(s) is with the evidence
from other medical sources and nonmedical sources in the

---

[20] 20 C.F.R. § 416.920c(a)–(c); *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th

Cir. 2022).

[21] 20 C.F.R. § 416.920c(c)(1)–(5).

[22] *Id.* § 416.920c(b)(2).

[23] *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.[24]

The case was remanded by this Court with the directive that the ALJ properly evaluate the opinions of Dr. Reade.[25] The Court noted:

> In June 2019, Dr. Reade assessed Plaintiff's mental RFC. As relevant here, when called upon to "[e]xplain in narrative form the presence and degree of specific understanding and memory capacities and/or limitations," Dr. Reade opined that Plaintiff retains the capacity to "understand and remember simple 1–3 step instructions" but "would not be able to consistently understand and remember instructions that are more detailed than this." Yet, in explaining Plaintiff's "sustained concentration and persistence capacities and/or limitations," Dr. Reade wrote that Plaintiff retains the capacity to "carry out simple 1–2 step instructions" but "would not be able to carry out tasks that are more detailed than this on a consistent and regular basis." Dr. Reade did not explain why Plaintiff would be unable to "carry out" the last step of a 3-step task despite being able to "understand and remember" all three steps.[26]

It went on to state further:

> As relevant here, the ALJ found "generally persuasive" Dr. Reade's opinions that Plaintiff "retained the capacity to understand and remember simple one-to-three step instructions; carryout and maintain concentration, persistence, and pace for up to two hours; complete a

---

[24] 20 C.F.R. § 416.920c(c)(1)–(2).

[25] AR 939-971.

[26] AR 948-949 (internal footnotes omitted).

normal workweek; could interact with others on a superficial and occasional basis; and would be able to adapt to normal, routine changes." The ALJ did not address Dr. Reade's opinion limiting Plaintiff to "simple 1–2 step instructions." Rather, without articulating whether such tasks could include instructions with one, two, or some other number of steps, the ALJ went on to find Plaintiff limited to "simple, routine, repetitive tasks."[27]

The Court found this error consequential, noting:

Presented with the limitation to simple and repetitive tasks, the vocational expert testified that work existed in the national economy which Plaintiff could perform, including the jobs of router, collator operator, and routing clerk. The vocational expert explained that, due to the simple-task limitation, he had excluded positions for which the Dictionary of Occupational Titles (DOT) indicates a reasoning ability of Level 3 or higher is required. When asked by the ALJ, the vocational expert further explained that simple, repetitive work included only those jobs with reasoning at Level 1 or 2. And, according to the DOT, each of the three jobs identified by the vocational expert require reasoning Level 2. Plaintiff argues that—at Level 2—all the identified jobs require too high of a reasoning level. Per Plaintiff, if Dr. Reade's opined 1-to-2-step-task limitation is incorporated into the RFC, he is limited to work that involves reasoning no higher than Level 1.[28]

---

[27] AR 949.

[28] AR 950-951.

In its prior order the Court directed that on remand the ALJ was to specifically address the portion of Dr. Reade's opinion limiting Plaintiff to tasks involving only 1-to-2-step directions, explaining either how the limitation was incorporated into the RFC or why that portion of his opinion was rejected.[29]

2.    The ALJ's Findings

The ALJ articulated the following reasoning as to his consideration of Dr. Reade's opinions:

_____

[29] AR 969.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Christmas Covell, Ph.D., and Kent Reade, Ph.D., State agency consultants, opined that the claimant retained the capacity to understand and remember simple one-to-three step instructions; carryout and maintain concentration, persistence, and pace for up to two hours; complete a normal workweek; could interact with others on a superficial and occasional basis; and would be able to adapt to normal, routine changes (1A, 3A). These opinions are found to be generally persuasive, as they are supported by explanations and generally consistent with the overall evidence. A provider characterized the claimant's mental health symptoms as mild to moderate in severity (5F/7). The claimant reported feeling happy with better communication with his relatives (7F/34). Examinations noted the claimant had regular speech that was coherent and spontaneous, normal rate of thought process, some anxious themes in thought content but still coherent and concrete thought associations, no suicidal or homicidal ideations, no psychosis, fair attention and concentration, grossly intact recent and remote memory, fair, judgment, fair insight, and fair fund of knowledge (7F/21, 24, 27, 33, 37, 47, 55, 62, 65, 69, 72, 76; 12F/8, 11, 14, 19, 22, 28, 36, 39, 42, 47, 50). Moreover, psychiatric examination findings from medical

ORDER RULING ON CROSS MOTIONS TO REMAND - 13

visits also noted the claimant had normal behavior, normal thought content, and normal judgment (10F/5; 11F/13, 34, 38, 42, 54, 62; 13F/4). Outpatient progress notes also show that the claimant discussed spending time with his family and girlfriend, working on not getting upset over small things, and improving in managing his anger (12F/4). The claimant also discussed feeling less depressed, getting along with family, and that home life was going well (12F/6). However, Dr. Reade's opinion on understanding, remembering, and carrying out instructions is less persuasive because of the discrepancy in his opinion between understanding and remembering one to three-step instructions and carrying out one to two-step instructions. Dr. Reade provided no explanation for the discrepancy. Rather, the overall evidence supports finding the claimant is limited to simple, routine, and repetitive tasks.[30]

3.    The Parties' Arguments

The parties agree that the ALJ erred in failing to consider a closed period of disability, in his consideration of Plaintiff's subjective testimony, and in his consideration of the medical opinion of Dr. Reade. Plaintiff argues that the case should be remanded for an award of benefits.  The Commissioner argues that:

"The touchstone for an award of benefits is the existence of a disability, not the agency's legal error." *Brown-Hunter v. Colvin*, 798 F.3d at 757-58. While it is clear that Plaintiff has limitations, it is not clear that these limitations preclude Plaintiff from performing all work. Thus, the Court

---

[30] AR 870-871.

1

2

should remand the case to allow the factfinder to determine if Plaintiff can perform work.[31]

3

4

Specifically, regarding the ALJ's consideration of Dr. Reade's opinions, the Commissioner argued:

5

6

7

8

9

10

11

12

13

14

15

16

17

> The ALJ found the opinion generally persuasive, but noted a discrepancy in the number of steps Plaintiff could understand and remember versus carry out. Tr. 871. Dr. Reade found the claimant could understand and remember up to three steps, but that he could only carry out or execute or perform up to two steps. Tr. 96-98. The ALJ pointed out that Dr. Reade failed to explain the discrepancy with the number of steps Plaintiff could understand and remember when compared to the steps he could carry out. Tr. 871. The ALJ also stated that the restrictions beyond what was included in the mental residual functional capacity were inconsistent with the overall evidence. Tr. 871. Looking to the decision as a whole, the ALJ highlighted that mental status examinations were largely unremarkable and Plaintiff's own admissions about life going well. Tr. 869 citing 719, 722, 725, 731, 735, 745, 753, 760, 763, 767, 770, 774, 855, 1204, 1225, 1229, 1233, 1245, 1253, 1876, 1878, 1881, 1884, 1889, 1892, 1898, 1906, 1909, 1912, 1917, 1920, 1925. Resolution of the conflict between Dr. Reade's opinion and this other evidence in the record is the responsibility of the ALJ, not this Court.[32]

18

19

20

21

[31] ECF No. 14, pg. 10.

22

[32] ECF No. 14, pg. 8-9.

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

    4.    Analysis

    This Court remanded the case to the Commissioner with the direction that the ALJ specifically include the 1-2 step limitation opined by Dr. Reade in the RFC or articulate his reasoning as to why it was rejected.[33] The Court explained in its prior decision that a limitation to performing only 1-2 step tasks is inconsistent with a job having a reasoning level of more than 1.[34]

    On remand, the ALJ simply stated that there was an inconsistency between Dr. Reade's limitation to understanding and remembering 2-3 step tasks and performing 1-2 step tasks which Dr. Reade did not explain.[35] The ALJ did not properly articulate any consideration of the consistency factor.

    The Commissioner's argument that the ALJ stated elsewhere in the opinion that Plaintiff's mental status examinations were largely unremarkable is unavailing.  In each of the treatment records cited by the ALJ, it was admitted by the ALJ that the records reflected only "fair" concentration and attention, insight and judgement.[36]  Neither the ALJ nor the Commissioner has offered any reasoning as to how those findings are inconsistent with Dr. Reade's opined limitation.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

     This Court's remand order made clear that there was an inconsistency in Dr. Reade's opined limitation between understanding and remembering 1-3 step tasks and performing 1-2 step tasks.  The case was remanded with the direction that the ALJ was to develop the record as needed.  An ALJ may discount an opinion due to vagueness if the opinion is not supported by examination findings.[37]  However, if the opinion is supported by examination findings, then the ALJ has a duty

---

[33] AR. 969.

[34] AR 950-951.

[35] AR 951.

[36] *Id*.

[37] *See Meanel v. Apfel*, 172 F.3d 1111, 1113–14 (9th Cir. 1999) (determining that the doctor's opinion that the claimant would have "some" diminution in her concentration skills was conclusory and was not supported by relevant medical documentation); *Johnson v. Shalala*, 60 F.3d 1428, 1432–33 (9th Cir. 1995) (determining that the doctor's conclusory opinion was not substantiated by relevant medical evidence).

to develop the record to clarify any consequential ambiguities either contained in or caused by the opinion before discounting it for vagueness.[38]

"The ALJ always has a special duty to fully and fairly develop the record" to make a fair determination as to disability, even where, as here, "the claimant is represented by counsel."[39] This "affirmative responsibility to develop the record" is necessary to ensure that the ALJ's decision is based on substantial evidence.[40]

The ALJ called a neurologist to testify as a medical expert as to Plaintiff's seizure disorder.[41]  Notably, he did not call a psychologist to

---

[38] 20 C.F.R. § 404.1512.(e); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'") (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)).

[39] *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003) (cleaned up).

[40] *Id.* at 1184.

[41] AR 889-895.

testify to Plaintiff's mental disorders, nor is there any evidence in the record that the ALJ requested clarification from Dr. Reade, a state agency evaluator under contract to the Administration.

When questioned, the medical expert testified that Plaintiff's seizures were not psychogenic and were documented seizures.[42]  When asked about time off task due to seizures, the medical expert testified that Plaintiff's grand mal seizures were debilitating but rare, and that Plaintiff's "minor seizures" or "complex partial seizures" were more frequent and would be expected to limit his ability to concentrate, focus, and "get his bearings straight" for 1-3 hours.[43]

While testimony from a psychologist might have further clarified Plaintiff's limitations in concentration, there is nothing in the medical record or the medical expert's testimony that is inconsistent with Dr. Reade's opinion that Plaintiff would be limited to performing 1-2 step instructions, particularly in periods following complex partial seizures.

---

[42] AR 891.

[43] AR 892-895.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

The Commissioner fails to offer any specific issue or conflict in the record that must be reconciled or reason why Dr. Reade's opined limitation to performing 1-2 step tasks should not be credited.  Rather, the Commissioner offers a vague and non-specific argument that the medical evidence shows that Plaintiff might not be disabled.

The Commissioner's argument that the ALJ cited elsewhere in the record to largely normal mental status findings is vague, and as noted above, is also flawed because the cited records indicate that Plaintiff's ability to concentrate and persist was fair at best and offer no evidence of inconsistency between Dr. Reade's opinion and the record.  Moreover, it was the testimony of the medical expert that during the closed period in question Plaintiff suffered from documented grand mal seizures and complex partial seizures, which affected his ability to concentrate and persist for a period afterward.

Based on the record before it, particularly considering that the claim before the Court is one for a closed period of disability, the Court concludes that remanding the case for further development of the record would serve no useful purpose.  The ALJ declined on remand to

seek clarification from Dr. Reade of his opinions and the medical record is closed for any other purpose.

The ALJ's failure to include Dr. Reade's opined 1-2 step limitation in performing tasks was consequential. As explained in the Court's prior order, a limitation to performing 1-2 step tasks is consistent with a reasoning level of no more than 1. When given the ALJ's formulated RFC, the vocational expert was only able to identify one single job at a reasoning level of 1 and then later retracted that job to be replaced with a third job at reasoning level of 2.[44] Therefore, the VE testimony indicates that if Dr. Reade's opined limitation is properly credited there are no jobs with a reasoning level of 1 that would fit the ALJ's formulated RFC.

Accordingly, the Court remands for calculation of benefits.

---

[44] AR 907-908.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**C.    Plaintiff's Subjective Claims: this issue is moot.**

The parties also agree that the ALJ erred in discounting Plaintiff's complaints in part on the basis that he had worked after April 2021, because Plaintiff averred that his condition improved after April 2021 and amended his claim to one for a closed period of disability ending on April 3, 2021.  Because the Court has found cause to remand this claim for a calculation of benefits, it finds this issue moot.

## III.   Conclusion

Remand for an award of benefits is appropriate. This record is well-developed, and both the medical expert testimony and vocational expert testimony support a conclusion that Plaintiff should be found disabled for the closed period in question.  Given the fact that the claim is one for a closed period and the medical record is closed, there is no useful purpose in remanding for furthering proceedings.[45]

Accordingly, **IT IS HEREBY ORDERED**:

---

[45] *See Vasquez v. Astrue*, 572 F.3d 586, 593–94 (9th Cir. 2009).

1.   Plaintiff's Motion for Remand for Calculation of Benefits, **ECF No. 8**, is **GRANTED**.

2.   The Commissioner's Motion for Remand for Further Proceedings, **ECF No. 14**, is **DENIED**.

3.   The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for immediate calculation and award of benefits from his application date of September 3, 2018, to April 3, 2021, the date on which his condition improved to allow work.

4.   The case shall be **CLOSED**.

IT IS SO ORDERED.  The Clerk's Office is directed to file this order and provide copies to all counsel.

**DATED** this 28th day of April 2025.

_Edward F. Shea_

EDWARD F. SHEA
Senior United States District Judge